IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RHONDA FREEMSTER, | No. 2:15-CV-1447-CMK |
| Plaintiff, | |
| vs. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

      Plaintiff, who is proceeding pro se, brings this action under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of Social Security. Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c). Pending before the court is defendant's motion to dismiss (Doc. 13). Defendant argues that the court lacks jurisdiction to hear this matter because plaintiff filed her complaint beyond the time allowed by statute to do so.

/ / /

/ / /

/ / /

In this case, the Appeals Council mailed plaintiff a notice of its denial of review on April 30, 2015.  Pursuant to 42 U.S.C. § 405(g) and (h), a civil action may be filed in the district court within 60 days of receipt of a final agency decision.  The agency presumes that its final decision is received five days after the date of the notice.  See 20 C.F.R. §§ 404.901; 416.1401; 422.210(c).  Thus, plaintiff's complaint in this case was due by July 6, 2015.[1]  Defendant argues that this action is untimely because it was filed on July 7, 2015 – one day late.

In her opposition, plaintiff argues that she in fact did not receive notice of the Appeals Council's denial of review until May 9, 2015.  Plaintiff, however, fails to provide any evidence to rebut the presumption contained in the regulations that notices are received five days after the date of the notice.  Therefore, the court agrees with defendant that this action is untimely.  See Banta v. Sullivan, 925 F.2d 343, 345 (9th Cir. 1991).

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to dismiss (Doc. 13) is granted;

2. This action is dismissed; and

3. The Clerk of the Court is directed to enter judgment and close this file.

DATED: February 19, 2016

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

---

[1] Pursuant to regulations, plaintiff was presumed to have received notice of the Appeals Council's decision by May 5, 2015.  The 60-day period expired on July 4, 2015, which was both a Saturday and federal holiday.  Thus, plaintiff's complaint was due by the next Monday – July 6, 2015.